USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 25 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
REGINALD PEARSON,               :
                                :
                    Petitioner, :
                                :         12 Civ. 3386 (AJN)
        -against-               :
                                :         ORDER
THOMAS LaVALLEY,                :
                                :
                    Respondent. :
------------------------------------------------------X

ALISON J. NATHAN, United States District Judge:

    Petitioner, Reginald Pearson, was convicted following a jury trial in the Supreme Court of New York, County of New York, of eight counts of predatory sexual assault, one count of second degree kidnapping, four counts of first degree rape, two counts of first degree criminal sexual act, and one count of fifth degree criminal possession of stolen property. He was sentenced to an aggregate prison term of 175 years to life. Petitioner's habeas petition asserts that certain police officers' warrantless entry into his home to arrest him violated *Payton v. New York*, 445 U.S. 573 (1980), and that subsequent statements and related physical evidence should have been suppressed. Petitioner also argues that the New York state trial court improperly admitted hearsay in violation of his Sixth Amendment rights under *Crawford v. Washington*, 541 U.S. 36 (2004), and that denial of his post-conviction motion seeking discovery of electronic DNA data violated his due process rights.

    On October 23, 2012, Magistrate Judge Peck submitted a Report and Recommendation ("R&R") recommending that the petition be denied. (Dkt. No. 18). Petitioner's objections were docketed on December 20, 2012. (Dkt. No. 20). Having

conducted a *de novo* review of the portions of Judge Peck's R&R to which Petitioner objects, and having further reviewed the entirety of the R&R, the Court adopts Judge Peck's R&R for substantially the same reasons as detailed therein.

## I. BACKGROUND

As detailed in the R&R, Petitioner was accused and convicted of, along with co-defendant Joell Johonson, choking and punching a woman (hereinafter referred to by her initials, "DC," to protect her privacy)[1] in the early morning hours of December 30, 2006, and then raping her "multiple times." (Dkt. No. 18 at 2; Maerov Aff. Ex. H). DNA testing was performed on DC's rape kit and revealed a complete match to Johnson, as well as a partial match to Petitioner. (Pearson 1st Dep't Br. at 26-28). DC's keys and jewelry were recovered from Petitioner at the time of his arrest. (*Id.*). Petitioner was identified by DC during both a photo array and a lineup conducted within two days of the rape. (*Id.* at 24).

Petitioner moved to suppress certain evidence prior to his trial in state court, and a suppression hearing was held in January of 2008. Justice Charles Tejada denied Petitioner's motion to suppress. Thereafter, on May 6, 2008, a jury convicted Petitioner of eight counts of predatory sexual assault, as well as various other crimes. (Maerov Aff. Ex. H). Three weeks later, Petitioner was sentenced to a prison term of 175 years to life. (Pearson 1st Dep't Br. at 31).

Following appeals in the New York courts, Petitioner filed the present habeas petition on April 27, 2012. Judge Peck issued his R&R on October 23, 2012, and Petitioner filed objections to the R&R on December 20, 2012.

## II. STANDARD OF REVIEW

---

[1] *See* Privacy Order, Dkt. No. 10, 12-CV-3386 (S.D.N.Y. June 29, 2012).

2

Pursuant to 28 U.S.C. § 636, a federal district court is to conduct a *de novo* review of issues objected to by a habeas petitioner in her or his response to a magistrate judge's report and recommendation. 28 U.S.C. § 636(b). Those parts of the magistrate judge's report and recommendation to which the petitioner does not object may be adopted absent a finding of clear error. *Id.*; *Blalock v. Smith*, 2012 WL 3283438, at *4 (S.D.N.Y. Aug. 13, 2012).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, where a claim has been adjudicated on the merits in state court, a writ of habeas corpus may not issue unless "the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Under AEDPA, a district court "must give the state court's adjudication a high degree of deference." *Yung v. Walker*, 341 F.3d 103, 109 (2d Cir. 2003). Additionally, even if a "court finds that the state court engaged in an unreasonable application of established law, resulting in constitutional error, it must next consider whether such error was harmless." *Howard v. Walker*, 406 F.3d 114, 122 (2d Cir. 2005).

### III. DISCUSSION

Petitioner objects to Judge Peck's R&R on three grounds: (1) the finding that Petitioner's Fourth Amendment claims are not cognizable on habeas review, (2) the conclusion that no hearsay was admitted in violation of Petitioner's Sixth Amendment Confrontation Clause rights, and (3) Judge Peck's treatment of the DNA results produced

by an examination of DC's rape kit. As discussed below, Petitioner's three objections are all without merit.

First, Petitioner appears to argue that Judge Peck was incorrect in finding that the suppression hearing held in state court was sufficient to vindicate Petitioner's constitutional rights. This Court agrees with Judge Peck that, under Second Circuit law, federal habeas review of *Payton* and other Fourth Amendment contentions is warranted only if the state court provides "no corrective procedures at all to redress Fourth Amendment violations," or if there was "an unconscionable breakdown in that process." (R&R at 30, 32 (quoting *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977)).

Petitioner is incorrect in asserting that Judge Peck's decision holds that "all a state court has to do is simply afford a criminal defendant a pretrial hearing on a *Payton* claim, and . . . the contents and merits of the Payton claim is irrelevant." (Objections at 1). To the contrary, Judge Peck observed that because Petitioner cannot claim a complete absence of corrective process, "habeas review of his Fourth Amendment claim is only available if he demonstrates an 'unconscionable breakdown' in the state's procedure for litigating those issues." (R&R at 33). Judge Peck was correct that (1) Petitioner never claimed an "unconscionable breakdown," and (2) he would not be able to based on the record before the Court. (*See* Maerov Aff. Ex. L; *see also* R&R at 33–34; *Calderon v. Perez*, 2011 WL 293709 (S.D.N.Y. Jan. 28, 2011) (discussing when unconscionable breakdowns do and do not occur)).

Petitioner next objects to Judge Peck's conclusion that no hearsay was admitted at trial in violation of Petitioner's rights under the Sixth Amendment's Confrontation Clause. Petitioner's trial counsel preserved two hearsay objections that Petitioner now

4

raises before this Court. (*See* Trial Tr. at 273-74, 535-37). As for the first portion of testimony that Petitioner challenges, Detective Ruiz's testimony about his interview of co-defendant Kenneth Johnson, the trial court sustained Petitioner's objections, granted his counsel's motion to strike the improper testimony, and instructed Detective Ruiz to provide proper answers. (Trial Tr. at 273-74). As Judge Peck noted, "no hearsay testimony was admitted into evidence." (R&R at 35). The second piece of challenged testimony is Detective Torres' statement that he "found out that the keys" recovered from Petitioner at the time of his arrest did not belong to Petitioner's sister, as Petitioner had previously claimed. (Trial Tr. at 535-37). The Court disagrees with Petitioner that this testimony was even hearsay. Moreover, even if it were hearsay, Judge Peck was correct that it was "harmless in light of DC's identification of the keys as hers, DC's strong identification of Pearson as one of the rapists, and DNA evidence." (R&R at 36). The Court is not persuaded by Petitioner's argument that any of the admitted testimony should have been excluded because certain unspecified witnesses were never called to testify or because the police never memorialized these matters in their police reports. As discussed, it does not appear that any hearsay evidence was admitted, and even if the admitted testimony that is presently challenged could be characterized as hearsay, its admission was harmless. Certainly, the First Department's decision rendering this conclusion was not contrary to or an unreasonable application of Supreme Court precedent.

Finally, Petitioner objects to Judge Peck's supposed "mischaracterization of the DNA results having been found to match Petitioner." First, Judge Peck was clear that, whereas the "DNA testing of DC's rape kit revealed two individuals' DNA profiles," one

5

of which was a "complete match to [co-defendant] Johnson," the other was only a "partial match to Pearson." (R&R at 2). Second, to the extent that Petitioner seeks to re-assert his argument that perjured expert DNA testimony was admitted into evidence in violation of his due process rights—a claim that Petitioner did not raise either in his post-conviction motion or on his direct appeal[2]—the Court agrees with Judge Peck's conclusion that such a claim was not exhausted. (R&R at 38 n.25). Though Petitioner does not appear to be challenging Judge Peck's conclusion that New York's post-judgment relief statute, N.Y. C.P.L. § 440, passes constitutional muster, even if he were, his objections would be denied because the Second Circuit has upheld the constitutionality of that law. *McKethen v. Brown*, 626 F.3d 143, 152 (2d Cir. 2010).

## CONCLUSION

The petition for writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition and close the case.

---

[2] Petitioner argued on appeal in state court that the People's DNA evidence was unreliable and erroneous. (Maerov Aff. Ex. A).

6

SO ORDERED:

Dated: April 25, 2013
New York, New York

_____
ALISON J. NATHAN
United States District Judge


A copy of this order has been mailed to:
Reginald Pearson
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929